UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COMPASS INTERNATIONAL ASSOCIATION LTD.<br>　　Plaintiff | §<br>§<br>§<br>§ | |
| VS. | §<br>§<br>§<br>§ | C.A. No. 4:cv11-1234 |
| INCOPRO CORPORATION<br>　　Defendant | §<br>§ | ADMIRALTY-RULE 9(H) F.R.C.P. |

**COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGES FOR
THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION:

　　COMES NOW plaintiff Compass International Association Ltd., sometimes referred to herein as "plaintiff" complaining of the defendant Incopro Corporation sometimes referred to herein as "defendant" and would as its causes of action allege as follows:

　　1.　　This is a case for collection of an agreed payment regarding an ocean shipment of cargo and is within the Court's admiralty and maritime jurisdiction, 28 U.S.C., § 1333, pursuant to Rule 9(h) of the Federal Rules of Civil Procedure.

　　2.　　Plaintiff is an entity organized and existing under law having its principal place of business in Monrovia, Liberia and is in the business of carrying cargoes to and from various ports of the world including the Port of Houston, Texas on ocean going vessels owned or chartered by plaintiff..

　　3.　　The defendant Incopro Corporation is and was, at all times material hereto a company who arranged for the shipment of the cargo identified in this complaint and

agreed to make the payment as also addressed below.

4.      Defendant is a corporation organized and existing under the laws of the State of Texas.  Service may be made upon its duly appointed registered agent for service of process, R. Gary Shapley, 2500 Wilcrest, #300, Houston, Texas 77042  or upon the President & General Manager   of the company, Francisco Guzman  at its principal place of business being 10827 Tower Oaks Boulevard, Houston, Texas 77070.

5.      On about September 30, 2010  an agreement was entered for the carriage of modular  power equipment from the ports of Immingham U.K. and Houston, Texas to the port of La Guanta, Venezuela on a vessel(s)  supplied by plaintiff to be made in three separate voyages (shipments) to take plaice in the first two quarters of 2011. The first shipment of the three  was to be made from Immingham and the cargo was to ready for loading during a time frame of March 1 - 10, 2011.  As provided by the agreement plaintiff time chartered a vessel, the OXL BAMBOO to perform the voyage(s).  Plaintiff and the vessel were ready to perform the voyage as scheduled.

6.      On or about February 17, 2011, defendant contacted plaintiff and advised there were problems with the cargo and that the cargo would not be ready for loading during the agreed time frame of March 1-10, 2011.  Defendant also advised that it could not give plaintiff a time certain as to when the cargo would be ready and suggested the appropriate action would be the payment of what is described by defendant as a penalty for the postponement of the first voyage (shipment). After a series of discussions, on February 28, 2011, defendant sent plaintiff a message confirming that it would agree to and pay a penalty of $350,000.00 for the postponement of the first shipment(voyage)  to a later date.  There was no cancellation of  the

overall existing agreement or any of the three voyages (shipments) to be made in accordance with same, only a postponement of the first voyage (shipment) to a later date with the initial agreement still in place and all three voyages (shipments) to be performed.

7. Due demand has been made for payment of the $350,000.00 as agreed. These demands have been disregarded and the agreed payment of $350,000.00 is are unpaid, due and owing.

8. Plaintiff bring this civil action to recover from defendant not only the $350,000.00 which is still unpaid but also legally recoverable prejudgment interest and attorney's fees.

9. As a result of defendant's non-payment of the $350,000.00 due and owing, plaintiff has been forced to retain counsel and thus plaintiff seeks reimbursement of all reasonable and necessary attorneys' fees and expenses incurred by it resulting from said non-payment. Plaintiff is entitled to recover reasonable and necessary attorneys' fees under applicable statutes including but not limited to Texas Civil Practice & Remedies Code chapter 38. In regard to such statute recovery is appropriate because this is a suit upon a written contract which is listed in § 38.001(8) and plaintiff was forced to retain counsel who duly presented its claims.

WHEREFORE, plaintiffs pray that summons issue in due form of law, according to the practice of this Honorable Court against the defendant requiring defendant to appear and answer the allegations herein; that judgment may be entered in favor of plaintiff against the defendant for the amount of $350,000.00 as pleaded herein above as well as attorneys' fees, together with interest and the costs and disbursements of this action; and that this Honorable Court will grant to plaintiff such other and further relief as may be just and proper.

                          Respectfully submitted,

|  |  |
|---|---|
|  | /s/ |
|  | WILLIAM H. SEELE |
|  | Admission I.D. No. 3347 |
|  | Texas State Bar No. 17979700 |
|  | E-mail: wseele@julianandseele.com |
| OF COUNSEL: | 11767 Katy Freeway, Suite 350 |
|  | Houston, Texas  77079-1735 |
| Julian & Seele, P.C. | Telephone:  281 293 9275 |
|  | Telefax    :  281 293 0146 |

Attorney-in-Charge for Plaintiff
Compass International Association Ltd.